IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HARLEY,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>DEPARTMENT OF HUMAN SERVICES, POLICE DISTRICTS 34TH 35TH 15TH 2ND, CITY OF PHILADELPHIA AND ALL CITY COUNCIL MEMBERS, FORMER STATE SENATOR ROSITA C. YOUNGBLOOD, DEPARTMENT OF BEHAVIORAL HEALTH & INTELLECTUAL SERVICES, DEPARTMENT OF PUBLIC WELFARE CHELLER & PARKSIDE DISTRICT, GAUDENZIA HOUSE SHELTER, HOUSE OF PASSION, FORMER CITY COUNCILWOMAN JANIE BLACK, CHERELLE PARKER, AND KENYETTA JOHNSON,<br>　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 23-3144 |

**MEMORANDUM OPINION**

Plaintiff Mary Harley brings this *pro se* civil rights action on behalf of her daughter based on allegations that several state, municipal, and private entities harmed her daughter by controlling her mind. (ECF No. 2). Harley also moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Harley leave to proceed *in forma pauperis* and dismiss her Complaint.

I.　　FACTUAL ALLEGATIONS

Although Harley is the named plaintiff in the Complaint, she filed the Complaint "for [her] daughter." (ECF No. 2 at 7). Harley alleges she is "suing the entire City of Philadelphia" and others because they have controlled her daughter's mind, leaving her daughter in a confused,

disoriented state. *Id.* at 4-5, 7-8. Harley has attempted to seek medical and legal assistance for her daughter but none of the entities she contacted have provided assistance. *Id.* at 5. Harley seeks $1 trillion for damages suffered by her daughter due to "these people . . . hospitalizing her [and] misdiagnosing her with these telecommunication mind altering changes in her behavior." *Id.* at 5 & 9.

## II.     STANDARD OF REVIEW

The Court grants Harley leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous, malicious, or fails to state a claim. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue her claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness *sua sponte*." (quoting *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 211 (3d Cir. 2007)); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

## III.    DISCUSSION

Harley brings claims based on harm suffered by her daughter and seeks compensation on her daughter's behalf. "[A] plaintiff must assert his or her own legal interests rather than those

of a third party" to have standing to bring a claim.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).  Additionally, *pro se* litigants who are not attorneys may not represent anyone else in federal court, including their children.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (finding father could not pursue claims on behalf of minor children); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (*per curiam*) ("[A] guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer.").  Accordingly, the Court must dismiss Harley's Complaint because Harley lacks standing to pursue claims on her daughter's behalf.  *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) ( finding father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter.").  To the extent the Complaint can be read to assert claims on Harley's behalf, the Court cannot discern any plausible basis for such claims.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Harley leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of standing.  *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice.").  To the extent Harley's Complaint can be liberally construed to raise any claims on her own behalf, those claims will be dismissed with prejudice.

Notably, this is not the first time Harley has attempted to file a lawsuit on behalf of her children.  She previously filed five cases on behalf of her children, including claims raised on

behalf of her daughter similar to those at issue in the instant case, all of which have been dismissed for lack of standing.  *See Harley v. Dep't of Veterans Affs.*, 2022 WL 3701970, at *2 (E.D. Pa. Aug. 26, 2022) ("Harley's Complaint must be dismissed because she lacks standing to pursue claims on her daughter's behalf."); *Harley v. Police Dist. 15th Dist. & 2nd Dist.*, 2021 WL 5139916, at *2 (E.D. Pa. Nov. 4, 2021) ("[T]he Court must dismiss Harley's Complaint because Harley lacks standing to pursue claims on her son's behalf."); *Harley v. City of Philadelphia City Gov't*, 2021 WL 4844156, at *1 (E.D. Pa. Oct. 18, 2021) ("[A]ny claims that Harley brings on behalf of her children or anyone else must be dismissed without prejudice for lack of standing"); *Harley v. Edison 64 Veteran Cmty. Apartment Complex*, 2021 WL 4803820, at *2 (E.D. Pa. Oct. 13, 2021) ("[T]he Complaint is dismissed because Harley lacks standing to pursue claims on her daughter's behalf."); *Harley v. City of Philadelphia*, 2021 WL 4060455, at *2 (E.D. Pa. Sept. 7, 2021) ("[T]he Court must dismiss Harley's Complaint because Harley lacks standing to pursue claims on her son's behalf.").  The dismissal of this case again reinforces the concept that Harley simply may not pursue claims on behalf of her children in federal court.  The Court warns Harley that if she continues to file *pro se* cases on behalf of her children, she could be subjected to restrictions on her ability to file.

    An appropriate order follows.

                      **BY THE COURT:**

                              /s/Wendy Beetlestone, J.

                      **WENDY BEETLESTONE, J.**